No. 26-3276

# *In the* United States Court of Appeals *for the* Eighth Circuit

KENIS ADALBERTO LOPEZ GONZALEZ,
*Plaintiff-Appellee*,
– v. –

MARKWAYNE MULLIN, in his official capacity as Secretary of Homeland Security; U.S. DEPARTMENT OF HOMELAND SECURITY; DAVID J. VENTURELLA, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT; TODD BLANCHE, in his official capacity as Attorney General of the United States; MARCO RUBIO, in his official capacity as Secretary of State; SAMUEL OLSON, in his official capacity as Field Office Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement,
*Defendants-Appellants.*

On Appeal from the United States District Court
for the District of Minnesota
Case No. 0:26-cv-04507, Hon. Jeffrey M. Bryan

## APPELLEE'S UNOPPOSED MOTION FOR EXPEDITED APPEAL

SIMON SANDOVAL-MOSHENBERG
JAMES JUSTICE HAYNES
*Murray Osorio PLLC*
*4103 Chain Bridge Road*
*Fairfax, VA 22030*
*(703) 352-2399*

ELEANOR MICHELLE DRAKE
*Berger & Montague*
*1229 Tyler Street, N.E.*
*Minneapolis, MN 55413*
*(612) 594-5999*

PAUL W. HUGHES
MARY H. SCHNOOR
MICHAEL J. MESTITZ
VIRGINIA N. OAT
*McDermott Will & Schulte LLP*
*500 North Capitol Street NW*
*Washington, DC 20001*
*(202) 756-8000*

*Counsel for Plaintiff-Appellee*
*Kenis Adalberto Lopez Gonzalez*

Plaintiff-Appellee Kenis Adalberto Lopez Gonzalez ("Lopez") respectfully moves under Federal Rule of Appellate Procedure 2 to expedite this appeal. On November 19, 2026, this Court granted Defendants' motion for a stay pending appeal. In light of the likelihood of the irreparable harm that Lopez will continue to suffer during the stay, and to minimize the stay's duration, Lopez respectfully proposes that the briefing and argument schedule be expedited as follows:

| | |
|---|---|
| December 15, 2026: | Appellants' Opening Brief |
| December 29, 2026: | Appellee's Response Brief |
| January 12, 2027: | Appellants' Reply Brief |
| As soon as possible: | Oral Argument |

Rule 2 allows courts of appeals to "expedite [their] decision" in "cases of pressing concern . . . to the litigants." Fed. R. App. P. 2(a) & advisory committee's note to 1967 adoption. Other circuits consider expedition warranted when, in the absence of an expedited schedule, "irreparable harm may occur." *See* 9th Cir. R. 27-12; D.C. Cir. Handbook of Practice & Internal Procedures VIII.B (expedition appropriate where "delay would cause irreparable injury").

As the district court found in granting the preliminary injunction below, and as explained in Lopez's Response in Opposition to Appellants' Motion for Stay Pending Appeal ("Opp."), Lopez faces ongoing irreparable harm. Opp. 6-7, 22-23. He presently has no legal status and no means of

supporting himself in the CAR. *Id.* He is effectively confined to a guarded building due to the risk of violence in the area, and he is entirely dependent on an international aid organization for food, water, and other necessities. *Id.* Moreover, undersigned counsel recently learned that Lopez has contracted malaria—precisely what he feared from his removal to the CAR. And his due process rights have been violated. *Id.* Such irreparable harms (which will persist pending this Court's decision) are of "pressing concern" to Lopez and warrant an expedited schedule. Fed. R. App. P. 2 advisory committee's note to 1967 adoption.

In seeking and obtaining a stay pending appeal, Defendants argued this Court should adopt the approach the Ninth Circuit took in *A.M.A.S. v. Mullin et al.*, No. 26-6950. In *A.M.A.S.*, the Ninth Circuit both granted an administrative stay *and simultaneously expedited the appeal*. *See* Doc. 17, *A.M.A.S. v. Mullin*, No. 26-6950 (9th Cir. Nov. 2, 2026) (setting out an expedited schedule and calendaring argument for the court's January sitting). Because the Court has granted a stay, it should follow the example in *A.M.A.S.* and impose a similar expedited schedule here.

Expediting the appeal is also warranted on its own terms. This Court has previously expedited appeals to limit the harm that may occur while an injunction is stayed. For example, in *Brady v. National Football League*, 640 F.3d 785 (8th Cir. 2011), the Court granted expedition where an accelerated

schedule would limit a party's harm during a stay. *Id.* at 793; *see also Woe v. Nebraska State Dep't of Pub. Welfare*, 598 F.2d 1146, 1146 (8th Cir. 1979) (per curiam) (granting stay of preliminary injunction but expediting schedule). That is precisely the case here. The stay pending appeal harms Lopez by removing the protection of the preliminary injunction, and expediting the appeal would both lessen that harm and ensure prompt resolution of Defendants' appeal on the merits.

For the foregoing reasons, the Court should grant Lopez's motion and expedite the briefing and argument schedule in this appeal.

Undersigned counsel has conferred with counsel for Defendants, who have agreed to the schedule set forth in this motion.

Dated: November 23, 2026

Respectfully submitted,

/s/ *Paul W. Hughes*
PAUL W. HUGHES
MARY H. SCHNOOR
MICHAEL J. MESTITZ
VIRGINIA N. OAT
*McDermott Will & Schulte LLP*
*500 North Capitol Street NW*
*Washington, DC 20001*
*(202) 756-8000*

SIMON SANDOVAL-MOSHENBERG
JAMES JUSTICE HAYNES
*Murray Osorio PLLC*
*4103 Chain Bridge Road*
*Suite 300*
*Fairfax, VA 22030*
*(703) 352-2399*

ELEANOR MICHELLE DRAKE
*Berger & Montague*
*1229 Tyler Street, N.E.*
*Suite 205*
*Minneapolis, MN 55413*
*(612) 594-5999*

*Counsel for Plaintiff-Appellee*
*Kenis Adalberto Lopez Gonzalez*

## CERTIFICATE OF COMPLIANCE

I hereby certify that this motion:

(i) complies with the type-volume limitation of Rule 27(d)(2)(A) because it contains 568 words; and

(ii) complies with the typeface requirements of Rule 32(a)(5) and the type style requirements of Rule 32(a)(6), as incorporated in Rule 27(d)(1)(E), because it has been prepared using Microsoft Word for Microsoft 365 MSO and is set in New Century Schoolbook LT Std font in a size equivalent to 14 points or larger.

Dated: November 23, 2026 /s/ *Paul W. Hughes*

## CERTIFICATE OF SERVICE

I hereby certify that on November 23, 2026, I electronically filed the foregoing motion with the Clerk of this Court using the CM/ECF system, and counsel for all parties will be served by the CM/ECF system.

Dated: November 23, 2026 /s/ *Paul W. Hughes*